FILED
United States Court of Appeals
Tenth Circuit

September 25, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

CURRIE JERMAINE HUGHES,

　　Defendant - Appellant.

No. 24-6021
(D.C. No. 5:06-CR-00137-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Currie Jermaine Hughes appeals the revocation of his supervised release, arguing the district court plainly erred in admitting hearsay evidence during the revocation hearing. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

　　* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Police stopped a car in which Mr. Hughes was a passenger.  They found drugs in the car and arrested him.  The Probation Office sought revocation of Mr. Hughes's supervised release.  Only Mr. Hughes's probation officer testified at the hearing.  Based on police reports, she recounted the traffic stop, Mr. Hughes's arrest, and the state charges filed against him.  She testified about text messages on Mr. Hughes's cell phone between him and his cousin, a federal prisoner, implicating Mr. Hughes in trafficking the drugs found in the car.  The district court revoked his supervised release and sentenced him to 36 months in prison.

## II.  DISCUSSION

### A.  *Rule 32.1(b)(2)(C), Plain Error, and* Shivers

Federal Rule of Criminal Procedure 32.1(b)(2)(C) provides:

> Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction.  The person is entitled to an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear.

The advisory committee note to the rule's 2002 amendments states that the court is to "balance the person's interest in the constitutionally guaranteed right of confrontation against the government's good cause for denying it."

At the hearing, Mr. Hughes did not object to the probation officer's testimony, mention Rule 32.1(b)(2)(C), or request the court to conduct a balancing inquiry.  He

2

therefore forfeited the issue.  We review for plain error.  *United States v. Miller*, 978 F.3d 746, 757 (10th Cir. 2020).

"To establish plain error, [the appellant] must show that (1) the district court erred, (2) the error was plain, (3) the error affected [his] substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted).

An error is plain if it is "clear or obvious under current, well-settled law," typically meaning "either the Supreme Court or this court [has] addressed the issue." *United States v. Brooks*, 736 F.3d 921 930 (10th Cir. 2013) (quotations omitted).  "[I]n certain circumstances, the weight of authority from other circuits may make an error plain . . . ." *United States v. Hill*, 749 F.3d 1250, 1258 (10th Cir. 2014) (quotations omitted).  And "even without controlling caselaw, an error can be plain when the plain language of a rule or statute clearly settles the question." *United States v. Jones*, 74 F.4th 1065, 1070 (10th Cir. 2023).

In *United States v. Shivers*, 2024 WL 629774 (10th Cir. Feb. 15, 2024) (unpublished), we recently held that any error in the district court's reliance on hearsay testimony to revoke supervised release without *sua sponte* conducting a balancing test under Rule 32.1(b)(2)(C) was not plain.

## B. *Application*

Mr. Hughes contends the district court plainly erred by failing to *sua sponte* conduct a balancing inquiry to determine whether the evidence should have been admitted.  But he has not shown that any error was plain.

3

First, he has not cited a Supreme Court or Tenth Circuit case holding that a district court must *sua sponte* conduct a balancing inquiry under Rule 32.1(b)(2)(C). The Government notes that several courts of appeal have said that district courts do not need to conduct a balancing inquiry unless there is an objection or that failure to do so is not plain error. Aplee. Br. at 7 (collecting cases).

Second, he argues that Rule 32.1(b)(2)(C) does not "explicitly" require a defendant to request application of the balancing test, but as we recently said in *Shivers*, the rule "does not exclude the possibility of having to assert or invoke an existing right." 2024 WL 629774 at *3. Nor does the advisory committee note.

Third, he points out that *Shivers* is unpublished and nonprecedential, but as *Shivers* correctly notes, "[w]hether a district court must sua sponte conduct a balancing test before relying on hearsay to revoke supervised release is a question not answered in our caselaw." *Id*.[1] Mr. Hughes does not contend otherwise.

### III. **CONCLUSION**

Mr. Hughes has not shown that any error was plain. We affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[1] Unpublished cases are not binding precedent, but we may consider them for their persuasive value. *See* Fed. R. App. 32.1(a); 10th Cir. R. 32.1(A).